1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                                  DISTRICT OF NEVADA

10                                         * * *

11    BOBBY LEE MONTGOMERY,                    Case No. 2:12-cv-00817-MMD-NJK

12                          Plaintiffs,
                                                             ORDER
13          v.
                                             (Defs.' Motions to Dismiss – dkt. nos. 9,
14    LAS VEGAS METROPOLITAN POLICE                           10, and 14;
      DEPARTMENT, et al.,                      Plf.'s Motion for Judgment – dkt. no. 16)
15
                          Defendants.
16

17

18    I.    SUMMARY

19          Before the Court are Defendants' Motions to Dismiss (dkt. nos. 9, 10, and 14) as

20    well as Plaintiff Bobby Lee Montgomery's Motion for Judgment (dkt. no. 16).

21    II.   BACKGROUND

22          This case arises out of Montgomery's arrest by Las Vegas Metropolitan Police

23    Department ("LVMPD") officers on suspicion of domestic battery on May 17, 2010, in Las

24    Vegas, Nevada. (*See* Compl., dkt. no. 5 at 4.) Montgomery alleges that LVMPD officers

25    entered the residence where he was located without notice or consent and arrested him

26    at gunpoint during a dramatic and fear-inducing search of the home. (*Id.*) Montgomery

27    was arrested based on what he characterized as "two non corroborating statements of

28    allege [sic] victim and eyewitness without any physcial [sic] marks as evident [sic] to

support the charge." (*Id.*)  He alleges that LVMPD Officer G. Turner provided false information in his police report thereafter.

Montgomery also challenges his post-arrest prosecution, alleging that district attorney Shawn A. Morgan maliciously revoked Montgomery's probation without substantial evidence to support a domestic violence charge.  (Compl. at 6.)  He alleges that the complicity of LVMPD officers, Morgan, the presiding court, and others involved in prosecuting him with scant evidence raises Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional concerns.  (*Id.*)

On May 15, 2012, Montgomery brought his Complaint along with an application to proceed *in forma pauperis*, which this Court granted.  (*See* dkt. nos. 1 and 5.)  The Complaint names as Defendants Clark County Sheriff Douglas C. Gillespie, the LVMPD, as well as LVMPD officers Robinson, Ron Fox, V. E. Swartwood, Guy L. Turner, Bryan Rocha, Nathan Herlean, Eric Fenrich, Travis Chapman, Vincent D'Angelo, Cory Draeger, Josue Esparza, and Travis Swartz, as well as internal affairs official J. Miranda (collectively "LVMPD Defendants").  Montgomery also sues Clark County and its district attorneys David Roger, Shawn Morgan, J. Villani, A. Stege, B. Turner, S. Clowers, and Shanon Clowers (collectively "Clark County Defendants"). Lastly, Montgomery names the City Council of Clark County, Nevada and former Las Vegas mayor Oscar B. Goodman as defendants.  The Complaint alleges malicious prosecution, illegal arrest, unlawful search and seizure, and unlawful incarceration and detention.

On October 1, 2012, Clark County Defendants moved to dismiss Montgomery's claims primarily on the grounds of absolute immunity.  (*See* dkt. no. 9.)  The next day, LVMPD Defendants filed their Motion to Dismiss.  (*See* dkt. no. 10.)  On October 9, 2012, Defendant Oscar B. Goodman also moved to dismiss claims against him.  (*See* dkt. no. 14.)

Thereafter, Montgomery filed a Motion for Judgment, presumably seeking relief based on his pleadings.  (*See* dkt. no. 16.)

///

2

1    **III.    DEFENDANTS' MOTIONS TO DISMISS**

2        **A.    Legal standard**

3        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

4    relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide

5    "a short and plain statement of the claim showing that the pleader is entitled to relief."

6    Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While

7    Rule 8 does not require detailed factual allegations, it demands more than "labels and

8    conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v.*

9    *Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

10   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

11   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

12   factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at

13   678 (internal citation omitted).

14       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

15   apply when considering motions to dismiss.  First, a district court must accept as true all

16   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

17   to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action,

18   supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district

19   court must consider whether the factual allegations in the complaint allege a plausible

20   claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

21   alleges facts that allow a court to draw a reasonable inference that the defendant is

22   liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the

23   court to infer more than the mere possibility of misconduct, the complaint has "alleged–

24   but not shown–that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks

25   omitted).  When the claims in a complaint have not crossed the line from conceivable to

26   plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

27       A complaint must contain either direct or inferential allegations concerning "all the

28   material elements necessary to sustain recovery under *some* viable legal theory."

1  *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

2  1106 (7th Cir. 1989) (emphasis in original)).

3       **B.       Discussion**

4              **1.       Clark County Defendants' Motion to Dismiss**

5       Clark County Defendants move to dismiss Montgomery's claims by asserting their

6  absolute immunity from prosecution, and arguing that prosecutorial immunity bars

7  Montgomery's malicious prosecution claim against the individual Clark County

8  Defendants. Clark County Defendants also seek dismissal of Montgomery's claims

9  against Clark County, which they characterize as pursuing a forbidden vicarious liability

10 theory of liability.

11                    **a.      Absolute Immunity**

12       "Prosecutors performing their official prosecutorial functions are entitled to

13 absolute immunity against constitutional torts."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896,

14 912 (9th Cir. 2012).  "At the same time, absolute immunity is an extreme remedy, and it

15 is justified only where 'any lesser degree of immunity could impair the judicial process

16 itself.'"  *Id.* (*quoting Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).  The prosecutor bears

17 the burden of showing that immunity is justified for the function in question, since

18 immunity attaches to the function performed by the prosecutor, rather than the

19 prosecutor's identity.  *Id.*  Prosecutorial functions protected by absolute immunity are

20 those "intimately associated with the judicial phase of the criminal process," even if they

21 "involve actions preliminary to the initiation of a prosecution and actions apart from the

22 courtroom."  *Imbler v. Pachtman*, 424 U.S. 409, 430 & n.33 (1976).

23       Montgomery appears to allege that Clark County Defendants prosecuted him

24 maliciously and without legal or factual basis.  Even assuming, as the Court must on a

25 motion to dismiss, the veracity of these allegations, absolute immunity bars

26 Montgomery's suit.  As the Ninth Circuit has recognized, "[t]his immunity covers the

27 knowing use of false testimony at trial, the suppression of exculpatory evidence, and

28 malicious prosecution."  *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001).  While

4

"this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," allowing the "qualifying [of] a prosecutor's immunity would disserve the broader public interest." *Imbler*, 424 U.S. at 427.  It is not clear from Montgomery's Complaint that any of Clark County Defendants' alleged misconduct occurred *outside* of protected prosecutorial functions.  As a result, Montgomery cannot state a claim against any of the individual district attorneys in either their official or individual capacities for malicious prosecution. His claims against the individual Clark County Defendants are dismissed with prejudice.

### b.    Vicarious Liability

The remaining defendant, Clark County, moves to dismiss Montgomery's claims by arguing that it lacks any allegations that would support § 1983 liability beyond a bare *respondeat superior* theory of liability.

Clark County, as a municipality, "may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be liable under a respondeat superior theory."  *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002) (*quoting Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).  As a result, a § 1983 plaintiff must allege either that the municipality itself violated someone's rights or that it directed its employee to do so (as in an unconstitutional policy or the unconstitutional act of a policy-maker), or that it was deliberately indifferent to a plaintiff's constitutional right (as in a failure to adequately train its employees).  *Id.*

The first requirement of *Monell* is that "plaintiff must identify a 'policy' or 'custom' that caused the plaintiff injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (*citing Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).  In justifying the imposition of liability for a municipal custom, the Supreme Court has noted that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so wide-spread

1   as to have the force of law." *Id.* at 404 (*citing Monell*, 436 U.S. at 690-91). Additionally, a

2   custom or practice can be "inferred from widespread practices or 'evidence of repeated

3   constitutional violations for which the errant municipal officers were not discharged or

4   reprimanded.'" *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir.

5   2001) (*quoting Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)).  "A policy is a

6   deliberate choice to follow a course of action . . . made from among various alternatives

7   by the official or officials responsible for establishing final policy with respect to the

8   subject matter in question."  *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

9   2006).  Alternatively, a single act of a policymaker in some instances can be sufficient for

10  a *Monell* claim when "the decisionmaker possesses final authority to establish municipal

11  policy with respect to the action ordered."  *Pembaur*, 475 U.S. at 481-82.

12       Here, Montgomery's Complaint lacks any allegation that Clark County was

13  specifically involved in any alleged misconduct.  Absent such allegations, the Court is left

14  to conclude that Montgomery aims to hold the County liable only for the misdeeds of its

15  employees — an impermissible invocation of vicarious liability.  Accordingly,

16  Montgomery's claims against Clark County are dismissed with leave to amend.

17                    **2.     LVMPD Defendants' Motion to Dismiss**

18                         **a.     Probable Cause**

19       LVMPD Defendants' first ground for dismissal of Montgomery's Fourth

20  Amendment claims is the presence of probable cause.  They argue that Montgomery's

21  allegations support a finding of probable cause to arrest Montgomery for a domestic

22  violence battery charge, pointing to the corroborated statements of the victim and an

23  eyewitness, as well as observations of injuries resulting from the alleged battery.

24       "Under the Fourth Amendment, made applicable to the States by the Fourteenth

25  Amendment, *Mapp v. Ohio*, 367 U.S. 643 (1961), the people are 'to be secure in their

26  persons, houses, papers, and effects, against unreasonable searches and

27  seizures, . . . and no Warrants shall issue, but upon probable cause . . . .'" *Maryland v.*

28  *Pringle*, 540 U.S. 366, 369 (2003) (*quoting* U.S. CONST. amend. IV).  An officer may

arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). "The long-prevailing standard of probable cause protects 'citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime,' while giving 'fair leeway for enforcing the law in the community's protection.'" *Pringle*, 540 U.S. at 370 (*quoting Brinegar v. United States*, 338 U.S. 160, 176 (1949)). "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar*, 338 U.S. at 175. As a result, each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

The Court must take allegations in the Complaint as true, notwithstanding LVMPD Defendants' arguments or the police records attached to the Complaint as exhibits. Montgomery's Complaint alleges that officers found him lying on his bed with their guns drawn, and proceeded to arrest him based on inconsistent testimony between the alleged victim and the eyewitness. Montgomery also alleges that no physical evidence of injury existed, and that the arresting officers fraudulently reported facts not supported by statements of the individuals involved or by any observable facts. These allegations, taken as true, support a conclusion that no probable cause existed to arrest Montgomery. Montgomery's Complaint is not made up of formulaic recitations of his Fourth Amendment claims' elements. *See Iqbal*, 556 U.S. at 678. Rather, he alleges specific facts — he did not engage in any battery, the statements of the victim and the witness were inconsistent, and no observable physical injury existed — which support a finding that no probable cause existed for his arrest. The attached police reports do not alter this conclusion, since Montgomery alleges that they include false statements and do not accurately report the situation that led up to his arrest.

1

### b.   Malicious Prosecution

2           LVMPD Defendants also seek to dismiss Montgomery's malicious prosecution

3   claim, arguing that his failure to allege the termination of his prior proceeding precludes

4   bringing a malicious prosecution action.  This argument properly states the law.  *See*

5   *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and

6   proved in a malicious prosecution action is termination of the prior criminal proceeding in

7   favor of the accused."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir.

8   1998) (noting that malicious prosecution claim does not accrue until after acquittal).  If

9   the prior proceeding resulted in a conviction, *Heck* bars a later federal action that

10   operates as a collateral attack on the legality of the conviction.  *Heck*, 512 U.S. at

11   484-85.  If the prior proceeding is ongoing, and has not resulted in a conviction, federal

12   courts generally abstain from deciding issues raised in a later proceeding until a final

13   resolution has been reached.  *See id.* at 488 n.8 (*citing Colo. River Water Conservation*

14   *Dist. v. United States,* 424 U.S. 800 (1976)).

15           Montgomery has failed to properly plead the status of his prior criminal

16   proceeding, as required in a malicious prosecution action.  Although he attached a case

17   summary and a list of appearances, they appear to be outdated and do not indicate how

18   the domestic violence proceedings concluded.  Montgomery did orally represent to the

19   presiding Magistrate Judge in his *in forma pauperis* hearing that the criminal case

20   against him was dismissed, but his failure to allege this fact precludes his going forward

21   on a malicious prosecution claim.  This claim is therefore dismissed with leave to amend.

22

### c.   Official Capacity Claims

23           LVMPD Defendants next challenge Montgomery's claims against them in their

24   official capacities.

25           Section 1983 suits against an officer in her official capacity are treated as suits

26   against the municipality itself that employs her.  *See Larez v. City of Los Angeles*, 946

27   F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official

28   capacity is equivalent to a suit against the governmental entity itself.").  Therefore, "only

if policy or custom or a one-time decision by a governmentally authorized decisionmaker played a part in the violation of federal law" can an officer in her official capacity be found liable. *Id.* (internal quotations and citation omitted).

Here, Montgomery brings claims against various individual defendants in their official capacities and against LVMPD.  These claims all require allegations that a policy, practice, or custom motivated the constitutional violations he allegedly suffered, or that a policy-maker acted in an unconstitutional manner, as discussed above.  His Complaint does not make any such allegation.  As a result, all claims against the LVMPD as well as those against individual defendants in their official capacity are dismissed with leave to amend.

### d. Officers' Personal Involvement

LVMPD Defendants also seek dismissal of various individual defendants, including Sheriff Gillespie and Officers Miranda, Swartwood, Chapman, Swartz, Fox, Esparza, Draeger, Robinson, and D'Angelo, arguing that Montgomery has failed to allege that these officers acted in any way to violate his constitutional rights.

Montgomery alleges that Officers Turner, Rocha, Herlean, and Fenrich were the arresting officers who unconstitutionally entered the residence and arrested him.  He also alleges that the false police report was approved by Officers Fox and Robinson, and that a grievance filed to LVMPD's internal affairs department was apparently handled by Officer Miranda. Since a plaintiff must plead that each official, through her "own individual actions," violated the Constitution, Montgomery's allegations relating to these Defendants in their individual capacities survive LVMPD Defendants' Motion. *See Iqbal*, 556 U.S. at 676.  Montgomery fails to allege any involvement by Sheriff Gillespie or Officers Swartwood, Chapman, Swartz, Esparza, Draeger, and D'Angelo.  Therefore, the claims against them are all dismissed.  The only remaining claims against individual LVMPD Defendants are individual capacity claims against Officers Turner, Rocha, Herlean, Fenrich, Fox, Robinson, and Miranda.

///

1

### e.      Stay of Proceedings

2      Finally, LVMPD Defendants request a stay of proceedings pending resolution of

3    Montgomery's criminal domestic violence proceeding.   As noted above, Montgomery

4    represented orally to the Magistrate Judge that the criminal proceedings against him that

5    arose from the facts that underlie this case were dismissed.   Accordingly, a stay of this

6    proceeding is improper.   However, the Court will require Montgomery to file evidence in

7    the form of a sworn statement or court document that demonstrates that his prior

8    criminal proceeding has terminated.   This is in addition to the Court's order permitting

9    him to file an amended complaint that alleges such a termination should he wish to

10    proceed on a malicious prosecution claim, as discussed above.

11      In summary, Montgomery's Fourth Amendment unreasonable search and seizure

12    claim against Defendants Turner, Rocha, Herlean, Fenrich, Fox, Robinson, and Miranda

13    in their individual capacity survive LVMPD Defendants' Motions.   However, all individual

14    capacity claims against Sheriff Gillespie and Officers Swartwood, Chapman, Swartz,

15    Esparza, Draeger, and D'Angelo are dismissed with leave to amend.   Further, all official

16    capacity claims against the individual defendants above are dismissed in the absence of

17    an allegation of an unconstitutional policy or practice, as are all claims against LVMPD

18    and Clark County.   Lastly, Montgomery's malicious prosecution claim is dismissed for

19    failure to allege termination of his prior criminal proceeding.

20

### C.      Defendant Goodman's Motion to Dismiss

21      Defendant Oscar B. Goodman, former mayor of Las Vegas, moves to dismiss all

22    claims against him for failure to allege any personal involvement in the actions that gave

23    rise to Montgomery's alleged injuries. For the same reason discussed above,

24    Montgomery's claims against Goodman are dismissed.   Montgomery fails to allege any

25    personal involvement by Goodman, and provides no allegations that Goodman was in

26    any way individually involved in his constitutional injury.   Further, Montgomery does not

27    allege that Goodman was involved in establishing or pursuing any official policy or

28    ///

1   custom that led to Montgomery's injuries.  In the absence of any facts to hold Goodman

2   liable, Montgomery's claims against him must be dismissed.

3   **IV.   MONTGOMERY'S MOTION FOR JUDGMENT**

4        Montgomery moved for judgment on his claims, outlining his claims against

5   Defendants and his arguments for seeking judgment. His Motion for Judgment is

6   premature.

7        Summary judgment is appropriate when the pleadings, the discovery and

8   disclosure materials on file, and any affidavits "show there is no genuine issue as to any

9   material fact and that the movant is entitled to judgment as a matter of law."  *Celotex*

10  *Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  The purpose of summary judgment is to

11  avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw.*

12  *Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

13       Here, discovery has not begun in this fact-intensive case.  It would therefore be

14  inappropriate to render judgment before the parties are allowed an opportunity to

15  present evidence on Montgomery's claims.  Indeed, Montgomery fails to support his

16  factual positions by presenting evidence, in the form of depositions, affidavits,

17  documents, or any other admissible evidence, in support of his Motion as required by

18  Rule 56(c).  *See also* Local Rule 56-1 (requiring summary judgment motions to include a

19  concise statement of facts, and citations to any evidence upon which a movant relies).

20  Accordingly, Montgomery's Motion for Judgment is denied.

21  **V.   CONCLUSION**

22       Montgomery's claims against all individual Clark County Defendants are

23  dismissed with prejudice, as they are absolutely immune from suit for performance of

24  their prosecutorial duties.  All claims against the entity defendants, Clark County and

25  LVMPD, as well those against individual defendants in their official capacities, are

26  dismissed with leave to amend for failure to conform to the requirements of *Monell*.  All

27  claims against individual defendants unsupported by allegations of personal involvement

28  in Montgomery's injuries are also dismissed with leave to amend.  Finally, Montgomery's

malicious prosecution claims are dismissed with leave to amend.  Should he wish to do so, Montgomery has twenty-one (21) days from the entry of this Order to file an Amended Complaint

IT IS THEREFORE ORDERED that Clark County Defendants' Motion to Dismiss (dkt. no. 9) is GRANTED.

IT IS FURTHER ORDERED that LVMPD Defendants' Motion to Dismiss (dkt. no. 10) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant Goodman's Motion to Dismiss (dkt. no. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Bobby Lee Montgomery's Motion for Judgment (dkt. no. 16) is DENIED.  Plaintiff is FURTHER ORDERED to file within twenty-one (21) days of the entry of this Order a statement concerning the status of his underlying criminal proceedings, supported by a sworn affidavit or other documentary record.

DATED THIS 19th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE