UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-00817-MMD-NJK<br><br>ORDER<br><br>(Defendant's Motion to Dismiss – dkt. no. 42) |

**I.　SUMMARY**

Before the Court is Defendants' Motion to Dismiss, or Alternatively Strike Plaintiff's "Opposition Pleading Motion for Judgment With Leave to Amend Court Order with Supported Documentary Records and Sword [sic] Affidavit". (Dkt. no. 42.)

**II.　BACKGROUND**

The relevant facts are recited in the Court's April 19, 2013, Order (dkt. no. 40.) In that Order, the Court addressed Defendants' motions to dismiss and Plaintiff's Motion for Summary Judgment. In sum, the Court dismissed claims against all individual Clark County Defendants with prejudice, as they are absolutely immune from suit for performance of their prosecutorial duties. The Court dismissed the following claims: (1) claims against the entity defendants, Clark County and LVMPD, as well those against individual defendants in their official capacities for failure to conform to the requirements of *Monell v New York City Dept. of Social Servs.,* 436 U.S. 658 (1978); (2) all claims against individual defendants unsupported by allegations of personal involvement in Plaintiff's injuries; and (3) Plaintiff's malicious prosecution claim for failure to allege termination of the criminal case. The Court gave Plaintiff twenty one (21) days to file an

Amended Complaint should he wish to amend these claims.  The Court further ordered Plaintiff, within twenty one (21) days, to file evidence in the form of a sworn statement or court document that demonstrates that his prior criminal proceeding has terminated.

In response to the Court's Order, Plaintiff filed a document entitled "Opposition Pleading Motion for Judgment With Leave to Amend Court Order with Supported Documentary Records and Sword [sic] Affidavit" ("Statement").  (Dkt. no. 41.)  The Statement consists of 112 pages that appear to be a compilation of various documents, including a copy of the first page of the Criminal Complaint filed against Plaintiff, the docket sheet for the criminal case with the last entry being jury trial on April 4, 2011, and excerpts of Nevada's Revised Statutes.

**III.   DISCUSSION**

Defendants seek dismissal or to strike the Statement, arguing that the Statement is confusing and an improper attempt to amend the Complaint.  The Court agrees with Defendants. The Statement is incoherent and rambling at best.  Plaintiff asserts that he can "state a claim against the LVMPD Defendants officers and entity the employer of the Defendants." (Dkt. no. 41 at 1.)  However, the Statement also attaches a messy array of other documents, which are comingled with what appears to be allegations against various Defendants.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must, among other requirements, contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While allegations of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers", *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant "must flow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).  Here, the Statement is plainly deficient even under this lower standard and fails to state any claims on which relief may be granted.  In fact, the Statement is so incoherent that the Court cannot even construe the document as an amended pleading filed in compliance with the Court's Order.

In light of Plaintiff's *pro se* status, the Court will strike the Statement but will extend the time for Plaintiff to comply with the Court's Order. First, Plaintiff has until February 3, 2014 to file evidence in the form of a sworn statement or court document that demonstrates that his prior criminal proceeding has terminated. Second, Plaintiff has until February 3, 2014 to file an Amended Complaint should he wish to amend the claims that have been dismissed with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff should know that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to re-allege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. This case will proceed on the remaining claims in the Complaint in the event Plaintiff fails to file a proper amended complaint in compliance with the Court's orders and Rule 8 of the Federal Rules of Civil Procedures.

**IV.     CONCLUSION**

It is therefore ordered that Defendants' Motion to Dismiss, or Alternatively Strike Plaintiff's "Opposition Pleading Motion for Judgment With Leave to Amend Court Order with Supported Documentary Records and Sword [sic] Affidavit" (dkt. no. 42) is granted in part and denied in part. Defendants' request to dismiss is denied and their request to strike is granted. Plaintiff's Opposition Pleading (dkt. no. 41) is ordered stricken.

DATED THIS 9th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE