UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                    Defendant(s). | Case No. 2:12-cv-00817-MMD-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 49, 52) |

Pending before the Court is the motion to strike Plaintiff's amended complaint, filed by the Las Vegas Metropolitan Police Department ("LVMPD") Defendants. Docket No. 52; *see also* Docket No. 49 (amended complaint). Plaintiff filed a response. Docket No. 56. No reply was filed. Having considered the documents submitted and the arguments presented, the undersigned hereby **RECOMMENDS** that the motion to strike be **GRANTED** and that the Court proceed on only the claims in the original complaint that remained after the order of April 19, 2013 (Docket No. 40) granting various motions to dismiss.

**I.  BACKGROUND**

This case arises out of Plaintiff's arrest by LVMPD officers on suspicion of domestic battery. In an order issued on April 19, 2013, United States District Judge Miranda M. Du resolved various Defendants' motions to dismiss and Plaintiff's Motion for Summary Judgment. Docket No. 40. Judge Du dismissed claims against all individual Clark County Defendants with prejudice, as they are absolutely immune from suit for performance of their prosecutorial duties. *See id.* at 4-5. Judge Du also dismissed with leave to amend: (1) claims against the entity defendants, Clark County and LVMPD,

as well those against individual defendants in their official capacities for failure to conform to the requirements of *Monell v New York City Dept. of Social Servs.,* 436 U.S. 658 (1978), Docket No. 40 at 5-6, 8-9; (2) claims against individual defendants unsupported by allegations of personal involvement in Plaintiff's injuries, *id.* at 9;[1] and (3) Plaintiff's malicious prosecution claim for failure to allege termination of the criminal case, *id.* at 8. Judge Du gave Plaintiff 21 days to file an amended complaint for those claims dismissed with leave to amend. *See id.* at 12. Lastly, Judge Du determined that Plaintiff's unreasonable search and seizure claim against certain defendants in their individual capacity was sufficiently pled. *See id.* at 6-7, 9.

In response to Judge Du's Order, Plaintiff filed a document entitled "Opposition Pleading Motion for Judgment With Leave to Amend Court Order with Supported Documentary Records and Sword [sic] Affidavit." Docket No 41. The LVMPD Defendants moved to strike that complaint for, *inter alia*, violating Rule 8's requirement that complaints must consist of a "short and plain" statement of the claims. *See* Docket No. 42.[2] Judge Du issued an order on January 9, 2014, striking the complaint and extending the time for Plaintiff to comply with the Court's order to submit a proper amended complaint until February 3, 2014. Docket No. 46 at 3. Judge Du's order further advised Plaintiff that this was his final opportunity to amend his complaint in accordance with Rule 8's requirements. *Id.* ("This case will proceed on the remaining claims in the Complaint in the event Plaintiff fails to file a proper amended complaint in compliance with the Court's orders and Rule 8 of the Federal Rules of Civil Procedure.")

On February 3, 2014, Plaintiff filed an amended complaint. Docket No. 49. The LVMPD Defendants have filed a motion to strike that amended complaint arguing that, *inter alia*, it fails to comply with Rule 8. Docket No. 52. That motion is presently pending before the Court.

**II.   ANALYSIS**

Rule 8 requires that a complaint contain "a short and plain statement" of the plaintiff's claims. The complaint must set forth coherently who is being sued, for what relief, and on what theory, with

---

[1] Judge Du ruled that sufficient personal involvement was alleged as to certain LVMPD Defendants. *See* Docket No. 40 at 9.

[2] Unless otherwise noted, references to the "Rules" refer to the Federal Rules of Civil Procedure.

enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).[3] Rule 8 has been violated when a complaint is needlessly long, highly repetitive, confused, or comprised of incomprehensible rambling. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Where claims are brought against multiple defendants, it is important that the complaint concisely alleges which defendants are liable for which wrongs. *See McHenry*, 84 F.3d at 1178. Similarly, where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action. *See id.* Complaints that fail to comply with these requirements are subject to dismissal with prejudice. *See, e.g.*, *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Prior to dismissal with prejudice, however, the Court should consider whether less drastic alternatives are available. *Id.* at 674.

Plaintiff's amended complaint is more than 50 pages. The vast majority of the amended complaint appears to consist of quotations from various cases and statutes, interspersed with factual allegations. The amended complaint does not arrange these allegations such that the Court is able to discern the specific claims alleged, the facts supporting each claim, and the particular defendants against whom each claim is brought. In short, the amended complaint fails to provide a short and plain statement putting defendants (and the Court) on notice of his claims.

The Court recognizes the harshness of dismissing the ill-pled claims with prejudice, but finds that less drastic alternatives are not available in this case. In particular, Judge Du has already provided additional time and opportunity for Plaintiff to file an amended complaint that complies with Rule 8, but he has not done so. Moreover, Judge Du warned Plaintiff that this was his last opportunity to file a proper amended complaint, and that the failure to do so would result in the Court proceeding on only those claims in his initial complaint that survived the motions to dismiss. In these circumstances, a less drastic alternative to dismissal with prejudice is not available.

---

[3] Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, *pro se* litigants must follow the same rules of procedure as other litigants, including Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 99295, *2 (D. Nev. Jan. 9, 2014) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

### III.     CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to strike be **GRANTED** and that the Court proceed on only the claims in the original complaint that remained after the order of April 19, 2013 (Docket No. 40) granting various motions to dismiss.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: May 7, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge