UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>                              Plaintiff,<br>      v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                             Defendants. | Case No. 2:12-cv-00817-MMD-NJK<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

Before the Court is Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R") (dkt. no. 62), recommending the Court grant Defendant Las Vegas Metropolitan Police Department's Motion to Strike the Amended Complaint (dkt. no. 52). Judge Koppe entered the R&R on May 7, 2014. Plaintiff filed an Objection on May 23, 2014. Defendants filed a Response (dkt. no. 65) and Plaintiff filed a Reply (dkt. no. 66).[1] The R&R is accepted and adopted din full.

On April 19, 2013, the Court entered an Order: (1) dismissing all claims against individual Clark County Defendants with prejudice; (2) dismissing with leave to amend claims against Clark County, LVMPD and individual defendants acting in their official capacities; (3) dismissing with leave to amend claims against individual defendants unsupported by allegations of their involvement in Plaintiff's injuries; and (4) dismissing

---

[1] Plaintiff was not given permission to file his Reply (dkt. no. 66) and it is procedurally improper. However, given Plaintiff's *pro se* status, the Court takes it into consideration.

with leave to amend Plaintiff's malicious prosecution claims. (Dkt. no. 40 at 11–12.) The Court also determined that Plaintiff's Fourth Amendment search and seizure claims were sufficiently pled as to individual LVMPD defendants Officers Turner, Rocha, Herlean, Fenrich, Fox, Robinson and Miranda. (*Id.* at 6–7, 9.)

In response to the Court's order, Plaintiff filed a document titled "Opposition Pleading Motion for Judgment with Leave to Amend." (Dkt. no. 41.) The Court entered an order striking this filing, finding that, to the extent it was a proposed amended complaint, it was incoherent and failed to meet the minimum standards of Fed. R. Civ. P. 8(a). (Dkt. no. 46.) In light of his *pro se* status, the Court extended the time for Plaintiff to file an amended complaint. (*Id.*) The Court stated that "[t[his case will proceed on the remaining claims in the Complaint in the event the Plaintiff fails to file a proper amended complaint in compliance with the Court's orders and Rule 8 of the Federal Rules of Civil Procedure." (*Id.*) On February 3, 2014, Plaintiff timely filed the Amended Complaint (dkt. no. 49) and Defendant LVMPD moved to strike (dkt. no. 52). The R&R finds that the Amended Complaint fails to meet the standards of Rule 8 and recommends dismissing the Amended Complaint claims with prejudice and proceeding on the claims remaining in the Complaint, as per the Court's warning. (Dkt. no. 62.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Court reviews the R&R *de novo*. The R&R finds that the Amended Complaint "fails to provide a short and plain statement putting [D]efendants (and the Court) on notice of his claims." (Dkt. no. 62 at 3.) The Court agrees. The Amended Complaint is over 50 pages long and largely consists of copied language from various cases and statutes interspersed with factual allegations. The result is an incoherent mix of disconnected legal authority and facts from which the Court struggles to identify Plaintiff's specific claims, the facts supporting those claims and against which Defendants the claims are asserted. Unfortunately, Plaintiff's Objection is written in the same incomprehensible style, and his Reply is brief and does not assist the Court in understanding the Amended Complaint.

Even under the less stringent standards afforded Plaintiff, *Hines v. Kremer*, 404 U.S. 519, 520 (1970), the Amended Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a). As Plaintiff has failed to provide a proper amended complaint that satisfies the requirements of Rule 8, despite two opportunities to do so, the Court agrees that it is appropriate to strike the Amended Complaint with prejudice and proceed on the remaining claims in Plaintiff's initial Complaint.

It is hereby ordered that the R&R (dkt. no. 62) is accepted and adopted in full. Defendant's Motion to Strike Amended Complaint is granted (dkt. no. 52). Plaintiff may continue to prosecute his Fourth Amendment search and seizure claims against

///

Defendants Turner, Rocha, Herlean, Fenrich, Fox, Robinson and Miranda in their individual capacities.

DATED THIS 28th day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE