UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:12-cv-00817-RFB-NJK<br><br>**OPINION & ORDER**<br><br>Defendants' Motion for Summary Judgment (Dkt. No. 69) and Plaintiff's Motion to Set Case for Jury Trial (Dkt. No. 73) |

### I.     INTRODUCTION

Before the Court are Defendants' Motion for Summary Judgment (Dkt. No. 69) and Plaintiff's Motion to Set Case for Jury Trial (Dkt. No. 69). For the reasons elaborated below, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion to Set Case for Jury Trial is denied.

### II.    BACKGROUND

Montgomery initially filed malicious prosecution and false arrest claims under the Fourth Amendment against Clark County, the Las Vegas Metropolitan Police Department (LVMPD), the Mayor, the District Attorney, and multiple individual defendant officers, some of whom had no personal involvement in the events underlying Plaintiff's claims. The only remaining defendants in this matter are LVMPD officers Turner, Rocha, Herlean, Fenrick, Fox, Robinson, and Miranda ("defendant officers"). Plaintiff Montgomery filed his Complaint *pro se*, and brings Fourth Amendment false arrest claims against all of the remaining defendant officers.

**A. Undisputed and Disputed Facts**

The Court incorporates its discussion of the undisputed and disputed facts from its hearing on September 1, 2016. The Court discusses and elaborates these facts here.

**1. Undisputed Facts**

The Court finds the following facts to be undisputed. The subject incident underlying this lawsuit, involving Montgomery's former partner Sherri Henson, occurred on May 17, 2010. In May 2010, Montgomery and Henson had been living at her house together for 17 months. Henson stated that at the date of the incident, she told Montgomery to remove his property from her house.

Pamela Peevy, a friend of Henson's, was outside of Henson's house on the date of the incident and witnessed at least parts of the events. Peevy provided an executed Voluntary Statement to the police, which included statements that "the man in the house came out screaming 'Bitch' and other bad words and then slapped her. Then when in the house he choked her with his bare hands in the living room they moved to back rooms and she was being carried around from the neck. I left the house, called the police and never went back inside. I could hear her screaming."

The police responded to the 911 call and arrested Montgomery. After the arrest, the state criminal court held a preliminary hearing to determine probable cause. At the probable cause hearing, Montgomery was represented by counsel. The state criminal court found that probable cause existed for domestic violence charges. Montgomery has never challenged, appealed, or otherwise contested the criminal court's probable cause finding.

**2. Disputed Facts**

Montgomery argues that Pamela Peevy's statements should not have been credited, since she was not inside the house for the entirety of the alleged domestic violence incident. Montgomery also argued, at the hearing on this motion, that his counsel was ineffective during the probable cause hearing.

**III.  LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light

most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). A genuine issue exists, precluding summary judgment, so long as "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## IV. ANALYSIS

Montgomery claims that his Fourth Amendment rights were violated when he was arrested without probable cause on May 17, 2010. Probable cause to arrest exists when "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986) (internal citations omitted). If an officer makes an arrest without probable cause, the officer may nonetheless be entitled to qualified immunity, if he reasonably believed there to have been probable cause. See Ramirez v. City of Buena Park, 560 F.3d 1012, 1024 (9th Cir. 2009).

Defendants argue that Montgomery is estopped from pursuing his Fourth Amendment claim, because probable cause was already determined at a state criminal court hearing. The Ninth Circuit holds that a litigant is estopped from raising an issue in a subsequent proceeding if (1) the issue was "actually litigated" and "necessarily determined" in the prior proceeding, and (2) that the parties in the two proceedings were the same or in privity. Haupt v. Dillard, 17 F.3d 285, 288 (9th Cir. 1994), as amended (Apr. 15, 1994). A Plaintiff is collaterally estopped from re-litigating the probable cause determination made at the preliminary hearing in a state criminal case, if the proceeding meets these two prongs. Id. Nevada's requirements for collateral estoppel apply to Fourth Amendment claims. Id.

The issue of whether there was probable cause to arrest Montgomery was fully litigated at this preliminary hearing on June 3, 2010 (Defs. Exh. 3). At this hearing, Sherri Henson testified to the events that occurred on the date of the arrest: that she was grabbed by the neck, and that she was kicked in the buttocks, that the police took photographs of marks on her neck and body which they observed when they arrived on the scene. She was subject to cross-examination by Montgomery's attorney at this hearing. At the conclusion of the preliminary hearing, it was determined that the officers had probable cause to arrest Montgomery. In Haupt, 17 F.3d *at* 288-90, the plaintiff was arrested and charged with the kidnapping and murder of a seven-year-old boy. After a jury trial, he was acquitted. He subsequently asserted claims under the Fourth Amendment for violation of his constitutional right to be free from unreasonable search and seizure and from malicious prosecution. On summary judgment, the district court determined that the plaintiff was collaterally estopped from relitigating the probable cause determination made at the preliminary hearing in the state criminal case. The Ninth Circuit affirmed. As in Haupt, here, Montgomery's Fourth Amendment claim would require the relitigation of an issue that was fully and fairly litigated and previously decided during his criminal hearing: whether the defendant officers had probable cause for his arrest.

At the hearing on the instant Motion for Summary Judgment, Montgomery asserted that the prior probable cause hearing's determination should not preclude him from raising the probable cause issue again because he was ineffectively represented by counsel at the prior hearing. He alleged that his attorney did not cross examine the victim witness at that hearing. However, as the transcript of that hearing reflects, his attorney did cross examine the witness. The issue of ineffective assistance of counsel was not properly raised in Montgomery's responsive briefing, and there is no evidence before the court of ineffective assistance of counsel. Henson was cross examined, Montgomery's attorney raised legitimate questions of her, and Montgomery never brought an ineffective assistance of counsel claim in that case. The court does not find, on the record before it, that there was ineffective assistance of counsel precluding the earlier probable cause determination from being final. Therefore, the Court finds that Montgomery is estopped from raising a Fourth Amendment false arrest claim in the instant lawsuit.

Furthermore, although the Court need not reach this issue, no reasonable jury could conclude on the undisputed facts that the defendant officers lacked probable cause to arrest Montgomery based on the information known to them at the time of the arrest. The victim, as well as a percipient witness, reported that domestic violence had occurred. Henson told the officers that Montgomery kicked and strangled her. Peevy told the officers that Montgomery had kicked and slapped Henson. When officers arrived, they observed marks and scratches on Henson. Based upon these statements and observations, a reasonable officer could conclude that probable cause for arrest existed. Even if the Court determined that probable cause did not exist based on the information known to the officers, the officers would be entitled to qualified immunity because their belief that probable cause existed was, on these facts, reasonable and not contrary to clearly established law. Ramirez, 560 F.3d *at* 1024.

V.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** [Dkt 69]. No triable issues remain in this case, and Plaintiff's Motion to Set Case for Jury Trial is **DENIED** [Dkt 73].

**IT IS FURTHER ORDERED** that the Clerk is instructed to close this case.

**DATED** this 19th day of September, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**